## TAYLOR v. PAULLIN.

1. Where the testimony of a witness will have the effect to satisfy a judg-
ment recovered against him by the plaintiff and defendant *jointly*, by mak-
ing both of them liable for the payment of an account which he has a-
gainst the plaintiff *individually*, he is an interested witness, and his testi-
mony should be excluded if objected to.

Writ of Error to the Court of Chancery sitting in Barbour
county.

THE bill was filed by the defendant in error, alledging that
the plaintiff and defendant had been partners in keeping a
house of entertainment, in Eufaula, that the partnership had
been dissolved, and praying that an account be taken of the
transactions of the concern, &c. Upon the hearing, it was
ordered and adjudged that the master take an account, that
he examine the parties on oath, and receive such other and
legal proofs as may be offered, &c.; and that in taking such
account, he make all proper and just allowances, &c.

From the report of the master, it appears that the items of
account litigated before him, were, an account due the firm
by the defendant, of $30, for the clothing of three negroes,
and an account of $125 63, due the firm by the complainant.
In respect to this latter item, it appeared to be an account
against Edmund Sheppard, which Sheppard, being examined,
stated he was unwilling to pay, because he had a medical
account against the complainant, and an agreement had been
made between himself and the parties to this suit, that the com-
plainant should assume its payment. Prior to that agreement
the witness had been sued on the account, and a judgment re-
coved against him—no execution has issued on that judgment
nor has the witness any property from which it can be satis-
fied. Complainant objected before the master, that Shep-

pard was interested to fix a liability upon him, and moved to exclude his testimony; but the objection was overruled.

Upon an exception to the report, the chancellor was of opinion that Sheppard was an interested witness—that his testimony tended to establish his account as a set off against the debt which he owed the firm; and consequently sustained the exception—ordering the account to be retaken. The master again reported according to the directions of the chancellor, and his report was confirmed.

J. E. BELSER and J. BUFORD, for the plaintiff in error, insisted, that Sheppard was neither a party or privy to the record, and had no such direct interest in the result as required the exclusion of his testimony. [1 Greenl. on Ev. 590; 1 Porter's Rep. 313; 7 Id. 466; 9 Id. 412; 9 Ala. R. 803.]

No counsel appeared for the defendant.

COLLIER, C. J.—The only question in this case is, was Sheppard a competent witness to establish the fact to which he was examined before the master. If we were authorized to infer from the report, that he was examined for the purpose of proving the justness of his account, and the amount of it, we should be inclined to think that he was an incompetent witness to establish these facts. But after the most careful consideration, we are constrained to conclude that there was no controversy upon these points, or that the account was proved by testimony to which no exception was taken.

Looking then to the report, and the opinion of the chancellor, as the only sources to which we are permitted to refer for information, we understand the testimony of the witness tended merely to show that the complainant agreed to assume the payment of the judgment which the firm had recovered against him, and that the account which he had against the complainant should be received in satisfaction. The witness affirms that both the parties assented to the arrangement, and it would seem that the defendant is still willing to abide by it. In this posture of the case, can it be

assumed that the witness had such an interest as rendered him incompetent?

A *joint* judgment in favor of the complainant and defendant was recovered against the witness, while the complainant was *individually* indebted to the witness in an open account. The judgment may be enforced by execution, but the account, if not voluntarily paid, can only be collected under a judgment yet to be recovered. If the testimony of the witness establishes the agreement in respect to which he testifies, then his account will be discharged; not with money, it is true, but by satisfying the judgment against him. Thus fixing by his testimony a liability to pay his account, upon two instead of one, and at the same time receiving payment from them, or rather effecting a set off which could not be otherwise made. It is clear that the witness has such an interest as renders him incompetent to prove the agreement. We lay out of view the present insolvency of the witness, and the record imparts no information in respect to the situation of the complainant; for whatever may be the condition of the respective parties, it can have no influence upon the question of *competency*—at most it would go to the credibility of the witness, if he was competent. Our conclusion is, that the chancellor did not err in the rejection of the testimony; and his decree is therefore affirmed.